**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAT PAUL VERMA, | : | CIVIL ACTION NO. 4:20-CV-14 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| CLAIR F. DOLL, Warden of the York | : | |
| County Prison,[1] | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 25th day of June, 2020, upon consideration of the report (Doc. 17) of Magistrate Judge William I. Arbuckle, recommending that the court deny without prejudice the petition (Doc. 1) for writ of habeas corpus filed by petitioner Sat Paul Verma pursuant to 28 U.S.C. § 2241, and the court noting that Verma lodged an objection (Doc. 18) to the report, see FED. R. CIV. P. 72(b)(2), and that respondent filed a brief (Doc. 19) in opposition thereto, and following *de novo* review of the contested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge Arbuckle's analysis to be well-reasoned and fully supported by the record and the applicable decisional law, and

---

[1] We note, as we have previously, (see Doc. 15 at 1 n.1), that Warden Doll is the only appropriate respondent in this case. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242).

finding Verma's objection (Doc. 18) to be without merit for the reasons set forth in

the report,[2] it is hereby ORDERED that:

1.    The report (Doc. 17) of Magistrate Judge Arbuckle is ADOPTED.

2.    Verma's petition (Doc. 1) for writ of habeas corpus is DENIED.

3.    The Clerk of Court is directed to close this case.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[2] In addition to objecting to Judge Arbuckle's report, Verma asks the
court to revisit its April 9, 2020 memorandum and order denying his emergency
motion for immediate release from immigration detention based on the COVID-19
pandemic.  (Doc. 18 at 3-4; see Docs. 15-16).  Not only is this request procedurally
improper, it is substantively without merit.  Verma merely reiterates his medical
diagnoses and reemphasizes the severity of the pandemic, matters which were
carefully considered in our prior opinion.  (See Doc. 15 at 3-5, 9-14 & n.5).  Verma
does not identify a change in law or circumstance, nor does he adduce new
evidence that might warrant a fresh look at his emergency motion.  We discern
no basis for reconsideration of our April 9 decision.